**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | 07-CV-204-CVE-FHM |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-CR-0158-SEH[1] |
| ) | |
| **BRYON CARL BROWN,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court is the Motion for Return of Property under F.R.C.P. 41(g) (Dkt. # 25) filed by defendant Bryon Carl Brown ("Brown") on January 25, 2007. Defendant was charged with: (1) use of a false social security number in violation of 42 U.S.C. § 408(a)(7)(B); (2) fraud and related activity through use of false identification documents in violation of 18 U.S.C. § 1028(a)(7), (c)(3)(A), and (b)(1)(D); and (3) identity theft in violation of 18 U.S.C. § 1028. Pursuant to a plea agreement, he pled guilty to Count Two and was sentenced on January 21, 2005 to a term of imprisonment of six months, consecutive to a term in another pending case. Dkt. # 24.

In this motion, defendant states that, on or about August 22, 2004, one Detective R. Koch ("Koch") took from him a bank check from Tri-City Communications and two ICOM Commercial Communication radios. He seeks return of the check and the radios, or monetary relief. In its response (Dkt. # 28), the United States provides more factual details concerning the alleged deprivation of defendant's property. Specifically, on August 20, 2004, Tulsa police officers received

---

[1] This criminal case was assigned to and adjudicated by former Judge Sven Erik Holmes, and was terminated on February 7, 2005. The pending motion has been referred to the undersigned in her capacity as chief judge, see Dkt. # 26; the case has not been reassigned.

a tip that defendant had used the personal identifiers of a Tulsa police officer to fraudulently purchase a 2004 Dodge Ram pick-up truck. Defendant was arrested and Detective Koch of the Tulsa Police Department ("TPD") questioned him. The TPD thereafter had the vehicle, which contained two radios and other items, towed and impounded at Storey Wrecker.

Defendant now requests the return of the above-mentioned property, or the monetary value of the property plus interest, pursuant to Fed. R. Crim. P. 41(g). Rule 41(g), formally Rule 41(e),[2] provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.[3]

"Rule 41[(g)] is an equitable remedy, . . . available to [the movant] only if he can show irreparable harm and an inadequate remedy at law." Copeman, 458 F.3d at 1071 (quoting Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1999)).

As noted in footnote one, the criminal proceedings have concluded in this case. Thus, the Court treats defendant's Rule 41(e) motion as a civil complaint for equitable relief. See United States v. Rogers, 108 F.3d 1247, 1250 n.4 (10th Cir. 1997); United States v. Clark, 84 F.3d 378, 381 (10th Cir. 1996); United States v. Madden, 95 F.3d 38, 40 (10th Cir. 1996).

---

[2]  Rule 41(g) reflects only minor stylistic changes from former Rule 41(e). See United States v. Copeman, 458 F.3d 1070, 1071 n.1 (10th Cir. 2006).

[3]  Defendant did not file a reply challenging the facts set forth by the United States. Because there is no dispute over the fact that the United States does not possess the items at issue, the Court need not hold a hearing.

The United States asserts that it does not have, and never had, possession of the items. According to the United States, "[b]ecause Defendant Brown entered a guilty plea, pursuant to a plea agreement, in the above-captioned case, it was never necessary for the U.S. Attorney's Office to obtain custody of the fraudulently obtained 2004 Dodge Ram pickup truck, and particularly not its contents, in connection with the prosecution." Dkt. # 28, at 3. The United States argues that, under the circumstances of this case, "Defendant Brown is proceeding in the wrong forum." Id. at 5. "In this case, there is an adequate remedy at law for Defendant Brown, in seeking the return of his property from the [TPD], or from Mayes County Chrysler in Pryor, Oklahoma." Id. at 6.

Although the United States does not address the request for monetary relief, the Tenth Circuit case Clymore v. United States, 415 F.3d 1113 (10th Cir. 2005), is instructive. There, the claimant sought return of seized property under Fed. R. Crim. P. 41(e); however, the United States maintained that it no longer possessed the property at issue. Some of the property had been transferred to the county sheriff's office and other items had been administratively forfeited. The Tenth Circuit addressed the question of "whether sovereign immunity bars an award of monetary damages against the government in a Rule 41(e) action when the property cannot be returned." Id. at 1118. The court agreed with the majority of circuits in concluding that sovereign immunity bars monetary relief in a Rule 41(e) proceeding when the government no longer possesses the property. Id. at 1120.

The facts of this case are slightly different than Clymore in that, here, the United States contends that it never possessed the property. However, the Tenth Circuit's reasoning in Clymore applies. Whether or not the United States possessed the property at one time, the United States cannot return property that it does not actually possess. Further, there is no evidence that the United States is in constructive possession of the property. Copeman, 458 F.3d at 1072 ("property seized

and held by state law-enforcement officers is not in the constructive possession of the United States for Rule 41(g) purposes unless it is being held for potential use as evidence in federal prosecution."). Clymore makes clear that defendant cannot obtain monetary relief under Rule 41(g) because sovereign immunity bars such a claim. Therefore, the Court finds that it lacks subject matter jurisdiction, and it need not address whether defendant has made the requisite showing of irreparable harm and an inadequate remedy at law.

**IT IS THEREFORE ORDERED** that the Motion for Return of Property under F.R.C.P. 41(g) (Dkt. # 25) is converted to a civil complaint, which is dismissed for lack of subject matter jurisdiction.

**DATED** this 9th day of April, 2007.

_Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT